## MARY A. PINKHAM, Executrix *vs.* JOSIAH MACY.

A notice to the indorser of a note, which merely states that the note remains unpaid, and that the holders look to him for payment, is not sufficient to charge the indorser, although such notice is given by a notary public.

ASSUMPSIT on the following note, held by the plaintiff, as executrix of the last will of Seth Pinkham, to whom it was indorsed by the payee : "Nantucket, April 1st 1837. At the termination of the ship Obed Mitchell's present voyage, for value received, I promise to pay to the order of Josiah Macy eight hundred and fourteen dollars and forty one cents, with interest till paid.                 James Mitchell."

At the trial in the court of common pleas, at Nantucket, before *Ward*, J. the signatures of the maker and indorser were admitted ; and the plaintiff, to prove demand on the maker, and notice to the defendant as indorser, called J. M. Bunker, a notary public, who testified that the defendant had always resided in Nantucket ; that Mitchell, the maker, resided there at the date of the note, but that he removed his business and family to the city of New York, before the arrival of the ship Obed Mitchell ; that said ship arrived at the bar of Nantucket, on Sunday, June 27th 1841 ; that the

witness, on the next day, took said note, as notary public, and went to the place of business formerly occupied by the maker, in Nantucket, and found it closed ; that he then went to the house formerly occupied by the maker, in Nantucket, and found another family residing there, but then presented the note and demanded payment thereof, which was refused ; and that he thereupon made and gave to the defendant this notice : "Nantucket, June 28th 1841. Please to take notice that a promissory note for $814·41, with interest, dated October 1st 1837, payable at the termination of ship Obed Mitchell's voyage, now completed, signed by James Mitchell, and indorsed by you, remains this day unpaid, and that the holders look to you for payment thereof. Done at the request of Seth Pinkham. James M. Bunker, Notary Public. (Seal.) " To Josiah Macy."

The judge ruled that said notice was not sufficient to charge the indorser ; and the jury found a verdict for the defendant The plaintiff alleged exceptions to said ruling.

*Coffin*, for the plaintiff.

*Colby*, for the defendant.

SHAW, C. J. The question is, whether due notice was given to charge the indorser. This subject was so fully discussed in the recent case of *Gilbert* v. *Dennis*, 3 Met. 495, that it seems only necessary to inquire whether this case falls within the principles laid down in that case. The rule there laid down was, that the notice must be such as to inform the indorser, either in terms or by reasonable implication, that the note was dishonored, that is, that it had been presented for payment, and payment refused, or other act done, which by law is deemed equivalent. It is not necessary to state what has been done ; whether an actual demand was made, or that the note lies over at a bank where, by contract or by usage, it was payable, or that the maker has absconded. All this is matter of proof afterwards, to show the fact of dishonor. But the notice must be such as to assert or imply that the note has been presented and payment refused, or otherwise dishonored. It was also stated, that a notice simply that the

now is unpaid is sufficient, where, from the terms of the note, non-payment and lapse of time constitute such dishonor.   So, when a note is payable at a bank, it is the duty of the maker to pay it at the bank, on the last day of grace.   Then a notice dated after bank hours, on that day or the next day, simply informing the indorser, who is presumed to know the terms and purport of the note, that it is, at that time, unpaid, is notice of dishonor.   But in case of a note not payable at a place certain, where presentment or inquiry is necessary, in order to make a demand, such a notice, either on or after the day of payment, is not, in terms, or by intendment or implication, notice that it has been demanded, or that it is dishonored.

In the present case, all that was stated in the notice might be strictly true, though no presentment and demand had been made, and though the maker had not left the island, and no inquiry for him had been made.   It is, therefore, exactly within the case of *Gilbert* v. *Dennis*.   It was suggested, in the argument, that there is a difference, because, in the present case the notice was given by a notary public.   But this can make no difference in principle ; and we think it would not be expedient for the community that a rule of law so universally important should depend on new or slight distinctions.   A notary public, in such case, is the mere agent of the holder. His service is not required, as in case of a foreign bill of exchange, to make a protest.   *City  Bank* v. *Cutter*, 3 Pick. 414.

A case may happen, where a reference to a protest by a notary public, which term implies a demand and refusal, may be important, because it intimates, by implication, that the note has been dishonored :   As where the notice of non-payment is accompanied with notice that the holder looks to the indorser for payment, with *costs*, or *fees*, or *charges* of protest. This may be sufficient to show, by reasonable intendment, that it has been protested for non-payment, which is notice of dishonor.   But the present notice carries no such implication, but is a simple notice of non-payment, without intimation of dishonor

There seems to be another good ground of defence, namely,

that the demand and notice were too soon. If the arrival of the ship at Nantucket was not the termination of the voyage, then they were too soon. If it was such termination, then it became a day certain, and the note was entitled to grace.

*Exceptions overruled.*